UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRINITY A. FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:21-CV-339-HAB |
| ) | |
| CITY OF FORT WAYNE and ) | |
| OFFICER SCOTT WILSON ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Agreed Motion to Conduct Additional Agreed Discovery (ECF No. 42). Despite the fact that Plaintiff has not even tried to demonstrate the required good cause for the extension, the motion will be granted.

**I.    Factual Background**

This Court entered its Scheduling Order and Memorandum of Preliminary Pretrial Conference (ECF No. 10) in September 2021. That order set a discovery deadline of May 2, 2022, and a dispositive motion deadline of June 1, 2022. (*Id*. at 1, 2). The order expressly stated that "the deadlines in this Order may be modified only for good cause and with the judge's consent pursuant to Fed. R. Civ. P. 16(b)(4)." (*Id*. at 2). On February 8, 2022, Plaintiff filed an unopposed motion to extend the discovery deadline to June 1, 2022, and the dispositive motions deadline to July 1, 2022. (ECF No. 18). These deadlines have now come and gone. For this reason, the Court set the matter for a telephonic status and scheduling conference to set the matter for trial. (ECF No. 41).

Now some three months after the discovery deadline has expired, Plaintiff filed its motion to conduct agreed additional discovery to allow the parties to take five (5) depositions. Plaintiff seeks to depose four Fort Wayne Police Department officers and Defendant has requested to

depose the Plaintiff's liability expert. Plaintiff asks for discovery to be extended for sixty days. (ECF No. 18 at 2). The parties have not asked for an extension of the dispositive motion deadline.

**II.      Legal Discussion**

The schedule set by a Rule 16(b) scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). And that's if the request to modify the order is timely. Where, as here, a party has allowed a deadline to run, it must also show that its failure to comply with the established deadlines was caused by "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014).

Plaintiff does not address "good cause" or "excusable neglect" in the motion. In fact, Plaintiff gives no reason at all for why the parties were unable to arrange the depositions before the original deadline expired. If Plaintiff hasn't given a reason to extend the original deadline before it expired, it goes without saying that it has not establish either ground set out above once the deadline has already run.

Good cause first. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). If the Court had to guess what constitutes good cause, and it must given the choice to ignore the relevant standard, it would be that the parties did not agree on a date for the various depositions until mid-September.[1] The problem with that excuse is that the parties knew, or should have known, that they could not complete the depositions by the discovery deadline. Yet the parties allowed the discovery deadline to expire and waited an

---

[1] Perhaps the parties were awaiting the outcome of the mediation held on August 22, 2022, before they sought to engage in the expense of the depositions. However, the Court is speculating because no such explanation is provided. (See ECF No. 35 indicating that mediation was unsuccessfully attempted).

additional ***three months*** to ask for an extension of that expired deadline. That is not conduct that strikes the Court as particularly diligent.

The request fares worse under the "excusable neglect" standard. "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020). Plaintiff's motion offers no reason at all for waiting until after the discovery deadline expired to seek an extension, leaving the Court with no "relevant circumstances" to consider. This is problematic because, even if we assume that neither party will not be prejudiced by the extension, the lack of prejudice "will not suffice if no excuse at all is offered or if the excuse is so threadbare as to make the neglect inexplicable." *United States v. McLaughlin*, 470 F.3d 698, 700–01 (7th Cir. 2006). Such is the case here.

Even so, the Court will not prevent the parties from going forward with the depositions. The Court will extend the discovery deadline to November 28, 2022. Further, even though the parties have not requested an extension of the dispositive motion deadline, it makes sense to do so given the number of depositions the parties are planning to take. The dispositive motion deadline is December 28, 2022. Any requests for further extension are ill-advised; but, if the parties find it necessary, they should request the extension prior to expiration of the deadlines and provide appropriate legal analysis.

### III. Conclusion

For these reasons, Plaintiff's Agreed Motion to Conduct Additional Agreed Discovery (ECF No. 42) is GRANTED. The discovery deadline is extended to November 28, 2022. The dispositive motion deadline is extended to December 28, 2022. The telephonic status and scheduling conference scheduled for October 12, 2022, is VACATED.

SO ORDERED on September 26, 2022.

                                         s/ Holly A. Brady
                                         JUDGE HOLLY A. BRADY
                                         UNITED STATES DISTRICT COURT